IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHUKWUMA E. AZUBUKO,**

**Plaintiff,**

**v.**

**VERIZON INCORPORATION,**

**Defendant.**                                                                 **No. 04-cv-646-DRH**

## ORDER

**HERNDON, Chief Judge:**

Since September of 2004, plaintiff, Chukwuma E. Azubuko has riddled this Court with countless filings, most of which have been unintelligible and all of which have been denied or stricken. Time and time again, this Court has devoted resources to disposing of these filings, but the filings continue. One of plaintiff's latest filings, plaintiffs's application to proceed in the district court without prepaying fees or costs which the Court has construed to be a motion for leave to appeal in forma pauperis (IFP) (Doc. 45) requires that the Seventh Circuit to be notified when the Court denies a motion to proceed on appeal IFP, certifies that the appeal is not taken in good faith, or finds that the party is not otherwise entitled to proceed IFP. FED. R. APP. P. 24(a)(4). Here, the Court is doing all three, and directs the Clerk to immediately notify the Seventh Circuit of its action.

Plaintiff filed his complaint (Doc. 1) pro se and a motion to proceed IFP (Doc. 2) on September 10, 2004. This case was originally assigned to Judge Stiehl, and

as Judge Steihl's order (Doc. 3) of September 21, 2004, denying plaintiff's motion to proceed IFP and dismissing the complaint for want of jurisdiction points out, plaintiff's complaint is frivolous and his allegations are entirely nonsensical. Nevertheless, on October 4, 2004, plaintiff filed a motion for reconsideration (Doc. 4) and on October 12, 2004, Judge Steihl entered an order denying that motion (Doc. 5).

On October 27, 2004, plaintiff filed a motion to disqualify Judge Stiehl (Doc. 6), which was denied two days later (Doc. 7). On November 15, 2004, plaintiff filed motion for three judge panel, which the Court ordered stricken (Doc. 8). On November 22, 2004, Judge Stiehl entered an order (Doc. 9) recusing himself.

Following Judge Stiehl's recusal, the case was assigned to the undersigned. Thereafter, the Court again struck plaintiff's motion for three judge panel (Doc. 10) without prejudice for being unintelligible. The plaintiff then filed a letter (Doc. 11) with the Court thanking and praising Judge Stiehl for his recusal. On December 20, 2004, plaintiff filed an amended motion for three judge panel (Doc. 12), and the Court again struck it for being unintelligible (Doc. 13). Apparently dissatisfied with the undersigned's ruling, plaintiff filed a motion to disqualify (Doc. 14) the undersigned. That motion was denied (Doc. 15), and plaintiff filed three more unintelligible motions which the Court continued to strike (Docs. 16-21). In the Court's order (Doc. 21) of July 6, 2007, the Court noted that it would not entertain any more motions filed by plaintiff.

As a result, plaintiff filed a notice of appeal (Doc. 22) and subsequently a

motion for leave to appeal IFP (Doc. 27).  While finding that plaintiff was indigent, the Court denied that the motion for leave to appeal IFP because plaintiff's appeal was not taken in good faith (Doc. 29).  On November 6, 2007, the Seventh Circuit issued its order affirming (Doc. 34), and on January 22, 2008, the Seventh Circuit issued its mandate.

Then for over three years the Court heard nothing from plaintiff until March 14, 2011, when plaintiff filed a "motion for relief from judgment or order or re-open" (Doc. 38).  The Court struck this motion (Doc. 38) pursuant to its previous order (Doc. 21) of July 6, 2007, notifying plaintiff that it would no longer entertain any motions filed by plaintiff.  Plaintiff filed a notice of appeal (Doc. 39) with regard to that order, and on May 12, 2011, the Seventh Circuit issued its mandate (Doc. 43) dismissing the appeal for failure to timely pay the required docketing fee.  Four days later, plaintiff filed an application to proceed in the district court without prepaying fees or costs which the Court has construed to be a motion for leave to appeal IFP (Doc. 45) and plaintiff's "belated motion for 'required joinder of parties'" (Doc. 46). Both motions (Docs. 45 & 46) are DENIED.

In the nearly seven years since plaintiff filed his complaint, the Court has repeatedly denied plaintiff's motions for being unintelligible, frivolous, and for lack of jurisdiction.  At present, nothing has changed.  Accordingly, the Court hereby denies the motion to proceed IFP on appeal, certifies that the appeal is not taken in good faith, and finds that plaintiff is not otherwise entitled to proceed IFP.  The Clerk is ordered to notify plaintiff and the Seventh Circuit of this ruling.  The Court also

reiterates that plaintiff's case is closed and that it will not entertain any further motions. The filing of further motions may subject plaintiff to contempt.

**IT IS SO ORDERED.**

Signed this 7th day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.07 16:53:26 -05'00'

**Chief Judge
United States District Judge**